UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM MCKINNEY,

      **Plaintiff,**

v.                                     Case No. 24-CV-206

WARDEN MICHAEL GIERACH,
GREG GIESE, ANGELA HANSEN,
ANGELA WEGNER, and
AMANDA BECHARD,

      **Defendants.**

---

### ORDER

---

Plaintiff William McKinney, who is currently confined at Redgranite Correctional Institution (RCGI) and representing himself, originally filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. (ECF No. 1.) On June 3, 2024, the court granted McKinney's motion to reconstrue his petition as a complaint under 42 U.S.C. § 1983, alleging the defendants violated his constitutional rights. (ECF No. 14.)

The court has jurisdiction to screen the complaint in light of McKinney's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

# SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the

United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*McKinney's Allegations*

McKinney alleges that the defendants failed to give him appropriate due process during his hearing for geriatric early release on November 17, 2021. (ECF No. 18 at 3.) Specifically, the defendants had made up their minds prior to the hearing not to release McKinney because he did not complete sex-offender training. (*Id.* at 3-4.)

McKinney applied for geriatric release because he is 71 years old and has served over five years of his confinement. (ECF No. 1 at 5.) He notes that he has not received a conduct report since 2010. (*Id.*) He alleges the only reason he was not granted geriatric release is because he has not completed the required sex-offender training (SOT-1) program. (*Id.*) Defendant Amanda Bechard, in her role as program supervisor, failed to get him into the one SOT-1 program RGCI offered before his hearing. (*Id.* at 4.) McKinney alleges this demonstrates she intentionally wanted to deny him geriatric release. (*Id.*) Defendant Giese did not conduct all the potential plan reviews, which McKinney states proves he had decided before the hearing to not grant McKinney's early release. (*Id.* at 3-4; ECF 18-1 at 3-4.) Defendant Wegner

3

did not take into account McKinney's low-risk score on the "Compas Risk Assessment," which McKinney alleges demonstrates she predetermined not to grant early release. (ECF No. 18 at 4.)

McKinney further states that the Program Review Committee misapplied the relevant statute governing geriatric release, Wis. Stat. § 302.113. McKinney asserts that the statute does not require sex-offender programs to be completed before geriatric release could be granted. (ECF No. 1 at 5-7.)

*Analysis*

McKinney claims that the defendants violated his Fourteenth Amendment due process rights when they predetermined to deny him geriatric release on the basis that he failed to complete SOT-1 programing. To allege a due process violation, a plaintiff must show that a state actor deprived him of a protected liberty or property interest without providing adequate process. *Salas v. Wisc. Dept. of Corrections,* 493 F. 3d 913, 927 (7th Cir. 2007). Liberty interests are "generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Whether McKinney has a protected interest depends on the content of Wisconsin's Early Release statute, Wis. Stat. § 302.113, "because an inmate has a liberty interest only if the state's statutes and regulations create an expectation, rather than a mere hope, of early release." *Frederick v. Frank*, 136 Fed. App'x 933, 934 (7th Cir 2005).

4

Section 302.113(9) demonstrates that early release before a mandatory release date is discretionary: "If. . . the program review committee determines that the public interest would be served by a modification of the inmate's bifurcated sentence . . . the committee shall approve the petition for referral to the sentencing court." In short, because McKinney's early release is at the discretion of the program review committee, he has no protectable liberty interest in his early release. *See Winus v. Kemper*, Case No. 17-CV-1417, 2017 WL 9485690 at *2 (E.D. Wis. Nov. 13, 2017).

Additionally, program review committees who are "concerned with public safety—and who act on that concern by insisting that prisoners complete sex-offender treatment programs before release—do not violate the Constitution." *Grennier v. Frank*, 453 F.3d 442, 445 (7th Cir. 2006). Thus, the defendants' insistence that McKinney complete SOT-1 programing before they consider early release does not violate his due process rights.

As for the defendants' allegedly impermissible bias, the evidence does not establish the existence of bias. McKinney merely speculates that the defendants predetermined to deny his early release. He points to Giese's report showing that he did not conduct all the release plans as evidence that he had made up his mind before the hearing to deny McKinney's early release. (ECF No. 18-1 at 3-4.) He also alleges that, because Wegner did not take into account the fact that his recidivism score on his "Compas Risk Assessment" listed him a low risk, she inappropriately made up her mind before the hearing to deny his early release. (ECF No. 18 at 4.)

5

McKinney's inferences that the defendants' consideration and evaluation of his petition for early release before the hearing must mean they were impermissibly biased are based in pure conjecture. McKinney does not sufficiently allege impermissible bias. *See Adams v. Meloy*, 287 Fed. App'x 531, 534 (7th Cir. 2008) (finding that, while the plaintiff gave many examples of the parole board's bias, none of the examples "come close to substantiating his allegations," so he does not allege a due process violation).

McKinney does not state a due process claim. He does not allege that he had a liberty interest in early geriatric release. Even if he did, a program review committee requiring sex-offender programing as a condition of early release under a discretionary statutory scheme does not violate the Constitution. McKinney also does not sufficiently allege that the defendants had an impermissible bias. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. *See Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021). McKinney's complaint is thorough in its allegations of facts surrounding this claim, so the court finds that further amendment would be futile.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED IT IS THEREFORE ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that McKinney has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 18th day of October, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge